## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MILTON LEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 02-3428-KHV** |
| **DAVID LARKIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate at the El Dorado Correctional Facility in El Dorado, Kansas, brings suit against David Larkin, Salina Kerr and Darrell Higgins.  Under 42 U.S.C. § 1983, plaintiff alleges that by using excessive force on August 2, 2002, defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.[1]  On April 19 and 20, 2005, the Court held a jury trial which resulted in a defense verdict.  This matter is before the Court on plaintiff's Motion For A Judgment Notwithstanding The Verdict (Doc. #132) filed April 26, 2005.

Defendants assert that plaintiff cannot make a motion for judgment as a matter of law under Rule 50(b), Fed. R. Civ. P., because he did not make a corresponding motion at trial under Rule 50(a), Fed. R. Civ. P.[2]  The Court agrees.  At trial, plaintiff did not move for judgment as a matter of law under Rule

---

[1]     Plaintiff also alleged that defendants used excessive force on June 22, 2002.  Pursuant to the Court's order, see Memorandum And Order (Doc. #112) filed January 7, 2005, plaintiff voluntarily dismissed that claim because he had not exhausted administrative remedies. See Notice Of Dismissal (Doc. #115) filed January 18, 2005.

[2]     Rule 50(a) and (b) provide, in part, as follows:

(continued...)

50(a).  A party's failure to raise an argument at trial under Rule 50(a) precludes his ability to raise the issue

post-trial under Rule 50(b).  See, e.g., Arsement v. Spinnaker Exploration Co., 400 F.3d 238, 247 (5th

Cir. 2005); Day v. Toman, 266 F.3d 831, 837 (8th Cir. 2001).  Plaintiff's *pro se* status does not excuse

his failure to comply with the fundamental requirements of the Federal Rules of Civil Procedure.  See

Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) (regarding *pro se* appellant's failure to

comply with federal appellate rules).

---

[2](...continued)
(a) Judgment as a Matter of Law.

> (1)  If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

> (2)  Motions for judgment as a matter of law may be made at any time before submission of the case to the jury.  Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

(b)   Renewing Motion for Judgment After Trial; Alternative Motion for New Trial; Conditional Rulings.

> If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.  The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment -- and may alternatively request a new trial or join a motion for a new trial under Rule 59. * * *

Rule 50(a) and (b), Fed. R. Civ. P.

Alternatively, the Court overrules plaintiff's motion on the merits.  At trial, plaintiff claimed that on August 2, 2002, Larkin, Kerr and Higgins used excessive force by kicking his legs out from under him, pounding his head into the floor and twisting his legs.  The jury rejected plaintiff's claims, finding that defendants did not violate his Eighth Amendment right to be free from cruel and unusual punishment.  See Verdict (Doc. #129) filed April 20, 2005.  Plaintiff asserts that the jury verdict is inconsistent with evidence at trial.  Specifically, plaintiff contends that he did not turn in an aggressive manner and that contrary to defendants' testimony that he fell on his left side, plaintiff's injury was on the right side of his forehead.

Judgment as a matter of law "should be cautiously and sparingly granted." Rule 50(b), Fed. R. Civ. P.; Zuchel v. City & County of Denver, 997 F.2d 730, 734 (10th Cir. 1993).  It is appropriate "only if the evidence, viewed in the light most favorable to the nonmoving party, points but one way and is susceptible to no reasonable inferences supporting the nonmoving party."  Riggs v. Scrivner, Inc., 927 F.2d 1146, 1149 (10th Cir. 1991).  In determining whether judgment as a matter of law is proper, the Court may not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury.  See Lucas v. Dover Corp., 857 F.2d 1397, 1400 (10th Cir. 1988).  The Court must affirm the jury verdict if, viewing the record in the light most favorable to the nonmoving party, it contains evidence upon which the jury could properly return a verdict for the nonmoving party.  See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1546 (10th Cir. 1996).

At trial, Larkin testified that when he was escorting plaintiff from the prison infirmary, plaintiff acted unruly and turned toward him in an aggressive manner.  Larkin stated that he responded by holding plaintiff and sweeping his legs out from under him, which resulted in plaintiff hitting his head on the floor.  Larkin stated that he took plaintiff to the ground in order to control him and to prevent him from kicking staff

members.  Larkin further stated that while plaintiff was on the ground, he held down plaintiff's upper body while Kerr and Higgins controlled plaintiff's legs.

Construed in the light most favorable to defendants, the evidence supports the jury verdict. Defendants testified that plaintiff turned toward Larkin in an aggressive manner.  Although plaintiff denies this, the jury was entitled to believe defendants' testimony.  Plaintiff argues that because he received a cut to the right side of his forehead, the evidence is contrary to defendants' testimony that he fell on his left side. As an initial matter, defendants did not testify that plaintiff fell on his left side.  Larkin testified that although plaintiff was facing him when he took plaintiff down to his right – which would have been to plaintiff's left – plaintiff turned during the fall and he was not sure which side of his head struck the floor.  Based on this testimony, the jury could have reasonably concluded that defendant's testimony was consistent with plaintiff's injury to the right side of his forehead.  Moreover, even if defendants incorrectly recalled the side on which plaintiff fell, the jury nevertheless could have reasonably concluded that defendants did not use excessive force against him.  Plaintiff is not entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For A Judgment Notwithstanding The Verdict (Doc. #132) filed April 26, 2005 be and hereby is **OVERRULED**.

Dated this 14th day of July, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-4-