# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MILTON LEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 02-3428-KHV |
| **DAVID LARKIN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

Plaintiff, an inmate at the El Dorado Correctional Facility in El Dorado, Kansas, brought suit against David Larkin, Salina Kerr and Darrell Higgins. Under 42 U.S.C. § 1983, plaintiff alleged that by using excessive force on August 2, 2002, defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.[1] On April 19 and 20, 2005, the Court held a jury trial which resulted in a defense verdict. On July 14, 2005, the Court entered an order which overruled plaintiff's motion for judgment notwithstanding the verdict. See Memorandum And Order (Doc. #136). Specifically, the Court found that plaintiff had waived the right to make a motion for judgment as a matter of law under Rule 50(b), Fed. R. Civ. P., because he did not make a corresponding motion at trial under Rule 50(a), Fed. R. Civ. P. See id. at 1-2. Alternatively, the Court overruled the motion on the merits, finding that the evidence supported

---

[1] Plaintiff also alleged that defendants used excessive force on June 22, 2002. Pursuant to the Court's order, see Memorandum And Order (Doc. #112) filed January 7, 2005, plaintiff voluntarily dismissed that claim because he had not exhausted administrative remedies. See Notice Of Dismissal (Doc. #115) filed January 18, 2005.

the jury verdict. See id. at 3-4. This matter comes before the Court on plaintiff's Motion To Reconsider (Doc. #137) filed July 21, 2005. For reasons stated below, the Court overrules plaintiff's motion.

Plaintiff asks the Court to order a new trial because the foreperson did not sign the jury verdict. The Court has discretion whether to grant a motion to reconsider. See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff has not raised grounds sufficient to warrant a new trial. For privacy purposes, the Court redacted the foreperson's signature from the copy of the jury verdict which it filed on the Court's electronic filing system. The original jury verdict, which is in the Court's file, includes the signature of the foreperson.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Reconsider (Doc. #137) filed July 21, 2005 be and hereby is **OVERRULED**.

Dated this 12th day of September, 2005 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge